614 So.2d 619 (1993)
Maxine MARR and Arthur Marr, her husband, Appellants,
v.
STATE of Florida, DEPARTMENT OF TRANSPORTATION, Appellee.
No. 91-03453.
District Court of Appeal of Florida, Second District.
February 19, 1993.
Clay B. Rood and Dayra J. Morales, Tampa, for appellants.
Gail F. Moulds and John D. Kiernan of Harris, Barrett, Mann & Dew, St. Petersburg, for appellee.
PER CURIAM.
The appellants challenge an order dismissing their complaint with prejudice because of their failure to comply with a court order compelling discovery and the failure of their counsel to attend or appear at the hearing on the appellee's motion for entry of an order of sanctions against the appellants. We affirm.
The appealed order sets forth in detail the failures of the appellants and their counsel which the trial court found to be willful in nature and to evidence a deliberate *620 and contumacious disregard of the court's order compelling discovery. We need not summarize the order; we reproduce it in full below.
ORDER GRANTING DEFENDANT'S MOTION FOR ENTRY OF ORDER OF SANCTIONS AGAINST PLAINTIFFS
This cause, coming to be heard upon the Motion for Entry of Order or [sic] Sanctions against Plaintiffs, filed by Defendant, STATE OF FLORIDA, DEPARTMENT OF TRANSPORTATION, the Court having reviewed this Motion and the Court file, and having heard the argument of counsel for the Defendant, and noting further the absence of counsel for plaintiffs at the hearing duly noticed and held on the foregoing Motion, the Court makes the following findings:
1. Initially, the Plaintiffs failed to comply with this Court's Order of September 11, 1990, which required the preparation and filing of a list of names and addresses of all witnesses expected to testify at the trial in this cause, including experts, and to serve a copy thereof upon the Defendant.
2. Plaintiffs failed to answer Supplemental Interrogatories Nos. 5, 6, 8, and 9, served upon them on November 27, 1990.
3. Plaintiffs failed to answer Expert Interrogatories served upon them on December 3, 1990.
4. On January 30, 1991, Defendant filed a Motion for Order Compelling Discovery with respect to the Plaintiffs' failure to answer the above Supplemental and Expert Interrogatories.
5. The above said Motion For Order Compelling Discovery was argued before this Court on March 25, 1991. Plaintiff[s'] counsel failed to appear before the Court at that duly noticed hearing. That hearing was interrupted by a telephone call from Plaintiffs' counsel, who advised Defendant's counsel that he (Plaintiffs' counsel) had no objection to the Court granting the said Motion for Order Compelling Discovery.
6. On March 26, 1991, this Court entered an Order granting the foregoing Motion For Order Compelling Discovery. This order granted the Plaintiffs thirty (30) days from the date of its entry within which to fully and completely answer the subject Supplemental and Expert Interrogatories.
7. On May 3, 1991, Defendant filed its Motion for Entry of Order of Sanctions against Plaintiffs for their failure to comply with this Court's above Order Compelling Discovery entered March 26, 1991.
8. On July 25, 1991, the said Motion for Entry of Order of Sanctions against Plaintiffs was heard by this Court. Again counsel for Plaintiffs failed to appear at this duly noticed hearing. Plaintiffs failed to move for a continuance of this hearing or otherwise attempt to contact the Court regarding this hearing.
9. The discovery sought by the said Supplemental and Expert Interrogatories is clearly relevant.
10. Plaintiffs' failure to comply with this Court's Order Compelling Discovery entered March 26, 1991, as above, and the failure of Plaintiffs' counsel to attend or appear at the said January 25, 1991, hearing on Defendant's Motion for Entry of Order of Sanctions against Plaintiffs, are willful in nature and, further, evidence a deliberate and contumacious disregard of this Court's Order of March 26, 1991.
Based upon the foregoing findings, IT IS THEREUPON ORDERED AND ADJUDGED that:
1. Defendant's Motion For Sanctions against Plaintiffs be, and the same is, hereby granted.
2. Plaintiffs' Third Amended Complaint is hereby dismissed with prejudice, and Plaintiffs, MAXINE MARR and ARTHUR MARR, her husband, take nothing by this action, and Defendant, STATE OF FLORIDA, DEPARTMENT OF TRANSPORTATION, shall go hence without day.
DONE AND ORDERED... .
As this court has observed, dismissal with prejudice is the most severe of *621 sanctions and should be reserved for the most egregious conduct. Allstate Ins. Co. v. Biddy, 392 So.2d 938 (Fla. 2d DCA 1980); Hart v. Weaver, 364 So.2d 524 (Fla. 2d DCA 1978). Nevertheless, the standard by which such orders shall be reviewed is whether there was an abuse of discretion. If reasonable persons could differ as to the propriety of the action taken, there can be no finding of an abuse of discretion. Commonwealth Fed. Sav. & Loan v. Tubero, 569 So.2d 1271 (Fla. 1990).
In Tubero, the supreme court indicated that a trial judge's finding of willfulness may be based upon the record before him and his personal observation of the conduct of the noncomplying party and their counsel. Tubero concluded by holding that an express written finding of willful or deliberate refusal to obey a court order to comply with discovery under Florida Rule of Civil Procedure 1.380 is necessary to sustain the severe sanctions of dismissal or default against a noncomplying plaintiff or defendant.
The order entered in this case, set forth above, complies with Tubero. We believe that reasonable persons could differ as to the propriety of the action taken; therefore, we find no abuse of discretion.
Affirmed.
DANAHY, A.C.J., and HALL and PATTERSON, JJ., concur.