662 So.2d 1325 (1995)
Donald W. OWENS and Ruth M. Owens, Appellants,
v.
William M. HOWARD, Appellee.
No. 94-02669.
District Court of Appeal of Florida, Second District.
November 3, 1995.
*1326 Thomas C. Saunders of Frost & O'Toole, P.A., Bartow, for Appellants.
Judith J. Flanders and Thomas L. Clarke, Jr., of Lane, Trohn, Clarke, Bertrand, Vreeland & Jacobsen, P.A., Lakeland, for Appellee.
PARKER, Acting Chief Judge.
Donald W. Owens and Ruth M. Owens appeal the trial court's order which entered a default judgment against Donald W. Owens on the issue of liability as to matters raised in the Amended Complaint and struck the counterclaim of Donald W. Owens as a sanction. We reverse, concluding that this was too severe of a sanction under the circumstances of this case.
Howard filed a complaint against Owens for breach of contract and civil theft in March 1993. Howard's counsel served Owens with a Supplemental Notice to Produce, and Owens's counsel served objections to it. Howard's counsel served Owens with a Third Supplemental Notice to Produce, and Owens's counsel served a Response and attached some of the documents but objected to the production of other documents. At a hearing held on December 8, 1993, the trial court did not rule on Owens's objections but suggested to Howard's counsel that he seek to obtain the information from sources other than Owens. On that same day Howard's counsel served Supplemental Interrogatories. Also on that day Howard filed an Amended Complaint which added Owens's wife as a defendant in a third count for resulting trust. In January 1994 Owens's counsel served the answers to the Supplemental Interrogatories and objected to numbers 7 through 10. In February 1994 the court entered an order requiring Owens to file answers to the interrogatories within twenty days. When Owens failed to answer, Howard filed a Motion for Sanctions on March 15, 1994. On March 30, 1994, Owens's counsel faxed Howard's counsel proposed answers to the interrogatories with a letter stating that Owens would sign the answers on April 1st. Howard never received properly executed answers to the interrogatories. The trial court held a hearing on the Motion for Sanctions, and neither Mr. nor Mrs. Owens attended the hearing. The trial court granted the motion and entered a default judgment as to liability against Donald Owens and struck Owens's counterclaim against Howard. The Owenses filed a Motion for Rehearing and affidavits which stated that Mr. Owens failed to comply with the court's order because he was inebriated and not communicating with his attorney *1327 or with his wife. The trial court denied the motion.
Entering a default for noncompliance with a court order compelling discovery is a very severe sanction which the court should use only in extreme circumstances. Mercer v. Raine, 443 So.2d 944 (Fla. 1983). The appellate court, however, should reverse such an order only when the trial court abused its discretion. Mercer, 443 So.2d at 945-46. Mercer has similar facts to this case. The Mercer defendant failed to obey the trial court's order that he respond to all pending discovery. Consequently, the court granted a motion for sanctions and entered a default against the defendant. The supreme court approved the decision of the Fourth District which affirmed the trial court's order.
Another similar case is Marr v. State, Department of Transportation, 614 So.2d 619 (Fla. 2d DCA), cause dismissed, 620 So.2d 761 (Fla. 1993). In Marr the trial court dismissed a complaint with prejudice for the plaintiffs' failure to obey the court's order compelling discovery. This court held that the trial court did not abuse its discretion.
Both Mercer and Marr involved the failure to respond to discovery after a court order. Both of these cases also involved only one instance of failure to obey the court order. These cases focus on the fact that the trial courts had found that the noncompliance was willful. Likewise, the trial court in the instant case found that Owens "knowingly and willingly refused to comply" with the court's orders.
Significantly, there is one factor which distinguishes the instant case from Mercer and Marr. This court has refused to approve of the dismissal of a cause of action as a sanction for discovery violations when the appellee had not shown prejudice. See, e.g., Bieling v. E.F. Hutton & Co., 522 So.2d 878 (Fla. 2d DCA), review denied, 531 So.2d 1352 (Fla. 1988). In the instant case Owens's counsel faxed Howard's counsel unsigned proposed answers to the interrogatories. These answers appear thorough and complete. Howard alleges in his brief that he scheduled depositions based on the information contained in the proposed answers but that he had to cancel the depositions when the Owenses improperly filed for bankruptcy. The filing for bankruptcy had no bearing on the trial court's sanction and, therefore, should not be the basis for showing the prejudice necessary to uphold such a severe sanction as the trial court imposed here. Howard has not demonstrated that he was prejudiced because he did not receive properly executed answers to the interrogatories.
The sanction of dismissal was too harsh in this case. Accordingly, we reverse the order and remand with directions for the trial court to impose less severe sanctions. See Kleinschmidt v. Gator Office Supply & Furniture, Inc., 551 So.2d 515 (Fla. 3d DCA 1989), review denied, 560 So.2d 233 (Fla. 1990).
Reversed and remanded.
ALTENBERND and QUINCE, JJ., concur.