826 So.2d 328 (2002)
Michael J. KINNEY, M.D., Appellant,
v.
R.H. HALT ASSOCIATES, INC., d/b/a Cadstruct, Tandem Associates II, Ltd., a Florida Limited Partnership, and South Bay Framing Systems, Inc., Appellees.
No. 2D01-2257.
District Court of Appeal of Florida, Second District.
April 3, 2002.
*329 Douglas R. Bald and David S. Maglich of Fergeson, Skipper, Shaw, Keyers, Baron & Tirabassi, P.A., Sarasota, for Appellant.
Bradley M. Bole of Rahdert, Steele & Bryan, St. Petersburg, for Appellee, R.M. Halt & Associates, Inc., d/b/a Cadstruct.
Richard R. Garland of Dickinson & Gibbons, P.A., Sarasota, for Appellee Tandem Associates, II, Ltd.
Thomas P. Whitaker and James L. Price of Whitaker & Hamilton, P.A., Bradenton, for Appellee South Bay Framing Systems, Inc.
KELLY, Judge.
Michael J. Kinney, the plaintiff in a slip and fall case, appeals from a final summary judgment in favor of the defendants. Because the record contains genuine issues of material fact as to causation, we reverse.
Kinney slipped and fell as he walked up the outdoor stairs in the back of his office building. In deposition testimony, Kinney stated that he "slipped on material." He described the material as a "powdery substance" that he believed was "plaster board material." He also noted that he saw "little seed-like things" on the stairs. He could not say specifically which substance caused him to slip.
A coworker who came to Kinney's aid after he fell described the stairs as being covered with drywall material along with other debris. She said the drywall material was so slippery she took precautions so that she would not fall as she assisted Kinney. When the emergency medical technicians arrived, she cautioned them to be careful because the stairs were slippery. She stated that the drywall material had been all over the stairs for at least a week and perhaps as long as two weeks.
Kinney sued Tandem Associates, the building owner, Cadstruct, a general contractor performing remodeling work on the building, and South Bay Framing Systems, the drywall subcontractor. The defendants argued they were entitled to summary judgment because Kinney could not identify the specific substance that caused him to fall. We disagree.
Tandem, as owner of the building, had a duty to Kinney, a business invitee, to use reasonable care to maintain the premises in a reasonably safe condition. Yuniter v. A & A Edgewater of Florida, Inc., 707 So.2d 763 (Fla. 2d DCA *330 1998). There was ample evidence in the record from which a jury could conclude that Tandem had breached its duty to maintain its premises in a reasonably safe condition. Several witnesses testified that the stairs were covered with debris on the day Kinney fell and that the stairs had been in that condition for at least a week. Although Kinney could not say which specific item of debris caused his fall, he testified that he slipped on "material." Contrary to Tandem's contention, Kinney does not need to identify the specific cause of his fall in order for Tandem to be liable. See Majeske v. Palm Beach Kennel Club, 117 So.2d 531 (Fla. 2d DCA 1959). Accordingly, Tandem was not entitled to summary judgment.
Cadstruct, as the general contractor, is subject to the same liability as the building owner for harm resulting from its particular work. Cockerham v. R.E. Vaughan, Inc., 82 So.2d 890 (Fla.1955). Because Kinney cannot identify the specific material that caused him to fall, Cadstruct contends that he must rely on a series of inferences to establish that any negligence on its part caused his fall. To conclude that any negligence on the part of Cadstruct was the cause of Kinney's damages, a jury would only have to infer that Kinney slipped on drywall material rather than another substance that was on the stairs through no fault of Cadstruct. Accordingly, it was error for the trial court to enter summary judgment for Cadstruct on this basis.
South Bay defends its summary judgment on two grounds. First, South Bay argues that there is no direct evidence that it created the condition on the stairs and as a result, Kinney must rely on a series of inferences to prove South Bay created the condition. Our review of the record, however, discloses that there is conflicting evidence on this issue. South Bay's employees stated that they never used the back stairs. Other witnesses stated that they saw workers carrying large sheets of drywall on the back stairs, that the large drywall sheets would not fit in the elevator, that South Bay's drywall work was performed during the week Kinney fell, and that none of Cadstruct's employees had handled drywall.
South Bay also argues that even if Kinney can establish that it created the condition on the stairs, he has to rely on a series of inferences to prove that the condition it created caused Kinney's fall. We reject this contention because, as explained above, the only inference a jury would be required to draw is that Kinney slipped on the drywall material as opposed to some other substance on the stairs. We reverse the summary judgment in favor of Tandem, Cadstruct, and South Bay and remand for further proceedings.
Reversed and remanded.
NORTHCUTT and SILBERMAN, JJ., concur.