849 So.2d 483 (2003)
Thomas B. MATTHEWS, as Assignee of Robert L. Jackson, Appellant,
v.
Davis E. CHAFFEE, Appellee.
No. 2D02-3005.
District Court of Appeal of Florida, Second District.
July 18, 2003.
*484 Thomas B. Matthews, pro se.
Lisa N. Kellogg and Gregory M. McCoskey of Glenn, Rasmussen, Fogarty & Hooker, P.A., Tampa, for Appellee.
FULMER, Judge.
Thomas B. Matthews appeals from an order dismissing his amended complaint with prejudice because Matthews failed to comply with the time limit set by the trial court for filing the amended complaint. We reverse and remand for further proceedings because the order of dismissal does not make an explicit finding of willful noncompliance with the court's prior order.
On August 28, 1998, Robert L. Jackson filed a four-count complaint seeking damages from Davis E. Chaffee and The Safety Harbor Group, Inc. The defendants moved to dismiss based on insufficient service of process, failure to state a cause of action, and failure to prosecute. In January 2001, Jackson filed a motion for substitution of parties, requesting the trial court to substitute Thomas B. Matthews as the plaintiff because Jackson had assigned his rights to Matthews. In February 2001, after a hearing, the trial court entered an order dismissing count three with prejudice and dismissing counts one, two, and four with leave to amend within ten days.
Matthews filed an amended complaint in March 2002, alleging breach of contract solely against Chaffee. Chaffee responded with a motion to dismiss, asserting as grounds: (1) that Matthews failed to comply with the February 2001 order by filing his amended complaint within ten days; (2) that Matthews failed to prosecute for over one year, and therefore dismissal was proper under Florida Rule of Civil Procedure 1.420(e); and (3) that both counts failed to state a cause of action. Matthews submitted an affidavit of Jackson addressing the delay. After a hearing, the trial court entered an order dismissing the complaint with prejudice, which stated: "Plaintiff admits failure to comply with this Court's order regarding the filing of an amended complaint within the time specified in the Court's last order dismissing his complaint, and failed to present sufficient evidence to justify the one year delay in filing an amended pleading."
On appeal, Matthews contends that the trial court's order is deficient in that it dismissed his complaint as a sanction for failure to comply with the ten-day time restriction in the prior order and did so without making an express finding that noncompliance was willful or in deliberate disregard of the court's prior order. We agree. Dismissal with prejudice is a severe *485 sanction that should only be employed in extreme circumstances. See Commonwealth Fed. Sav. & Loan Ass'n v. Tubero, 569 So.2d 1271, 1272 (Fla.1990). Such orders are reviewed for an abuse of discretion. Id. at 1273. Where a trial court exercises that discretion, the trial court must make an explicit finding of willful noncompliance or deliberate disregard. Id.; see also Marr v. State Dep't of Transp., 614 So.2d 619 (Fla. 2d DCA 1993). The court's order in this case falls short of making the necessary finding to justify dismissal with prejudice.
Accordingly, we reverse and remand for the trial court to reconsider the motion to dismiss and, if appropriate, to make an explicit determination whether Matthews willfully failed to comply with the February 2001 order.
Reversed and remanded.
CASANUEVA and CANADY, JJ., Concur.