866 So.2d 122 (2004)
Shirley WILLIAMS, Appellant,
v.
SEARS, ROEBUCK & CO. and Jiffy Lube International, Inc., Appellees.
No. 4D03-1451.
District Court of Appeal of Florida, Fourth District.
February 11, 2004.
*123 James K. Clark and Bianca G. Liston of Clark Robb Mason Coulombe & Buschman, Miami, and Michael Cecere of Clark Robb Mason Coulombe & Buschman, Fort Lauderdale, for appellant.
J. Alfredo De Armas and Jorge C. Borron of Alvarez, Armas & Borron, Coral Gables, for appellee Sears Roebuck & Co.
OFTEDAL, RICHARD L., Associate Judge.
Plaintiff, Shirley Williams, appeals a final summary judgment in favor of the defendant, Sears, Roebuck & Co. (Sears), in this slip-and-fall negligence case.
Plaintiff fell and suffered personal injuries after driving her car to a Sears garage, in which Jiffy Lube[1] shared space and operated a quick oil change business. She alleged that Sears was negligent (1) for failing to keep its floor clean and free of debris and (2) by creating a negligent condition by permitting a Jiffy Lube employee to improperly invite her into the repair shop to assist him in the service of her automobile.
Because we find that Sears has met its burden by conclusively establishing that the plaintiff's claims cannot be proven as a matter of law, we affirm. See Jennaro v. Bonita-Fort Myers Corp., 752 So.2d 82, 83 (Fla. 2d DCA 2000)("[T]o obtain summary judgment the defendant must establish unequivocally that it was not negligent or that the plaintiff's negligence was the sole proximate cause of the injury.").
We agree with the plaintiff that it is not necessary that she identify with any specificity the nature of the substance that caused her to fall. See Kinney v. R.H. Halt Assocs., Inc., 826 So.2d 328, 330 (Fla. 2d DCA 2002). Thus, even though plaintiff could not say whether it was oil or grease or some other foreign substance on the ground that she slipped on, she should not be denied her day in court unless it is conclusively proven that there was no substance on the floor that was the proximate cause of her injuries. We do not believe, as the plaintiff argues, that she can defeat Sears's motion merely by asserting that because she slipped, it must be assumed or presumed that there had to be something of a foreign nature on the floor that precipitated *124 her fall. When pressed by defense counsel on deposition, the plaintiff candidly acknowledged her lack of knowledge as to any substance on the floor:
Q: And as you sit here, you don't know whether you slipped on oil, on dirt, on water, on anything?
A: No, I don't. (emphasis added).
It is not enough for the plaintiff to suggest that because she slipped on Sears's floor, her fall was not due to her own unsteadiness but because of Sears's negligence in maintaining the premises. See Voelker v. Combined Ins. Co. of Am., 73 So.2d 403 (Fla.1954).
In addition, Sears introduced evidence establishing that immediately following plaintiff's fall, an inspection was made by Sears's Safety Coordinator, who examined the area for the presence of any transitory foreign substance or debris both on the floor and on plaintiff's clothing. Both inspections were negative. For her part, the plaintiff never saw anything on the floor either before her fall or on her clothing after the fall. Nor is there any record evidence of any other person, employee, or customer who made such an observation.
While the burden on a moving party seeking summary judgment is a heavy one, it is not impossible. Sears's initial burden is to come forth with sufficient evidence to support its assertion that there is no genuine material factual issue. Only then does the burden shift to the non-moving party to establish the existence of an issue of material fact. See Suggs v. Allen, 563 So.2d 1132, 1133 (Fla. 1st DCA 1990). Sears met its burden by the introduction of the plaintiff's own testimony establishing a complete lack of knowledge as to whether anything may have caused her fall. Coupled with an immediate examination of the subject premises and plaintiff's clothing, it is clear that plaintiff's case is grounded in no more than a guess or speculation, not founded on observable facts or reasonable inferences drawn from the record. Plaintiff, on the other hand, failed by way of deposition or affidavit to raise the existence of any material fact. Therefore, the entry of summary judgment was proper.
AFFIRMED.
POLEN and GROSS, JJ., concur.
NOTES
[1] Plaintiff also brought suit against Jiffy Lube International, Inc. That action is still pending before the trial court.