SILBERMAN, Judge.
Michael J. Kinney appeals the trial court’s final order of dismissal with prejudice.[1] The trial court entered the dismissal order after Kinney failed to comply with earlier court orders requiring the payment of attorney’s fees and costs as a discovery sanction. We reverse and remand for further proceedings because the trial court did not make an explicit finding of Kinney’s willful noncompliance or deliberate disregard of the earlier sanction orders.
Kinney sued Tandem Associates, a building owner; Cadstruct, the general contractor that was performing remodeling work on the building; and South Bay, the drywall subcontractor (the Appellees), for damages resulting from Kinney’s slip and fall at the building. A dispute arose regarding Kinney’s failure to provide records, as part of the discovery phase of the case, that were related to his claim for lost income. Ultimately, the trial court entered an order finding that Kinney had willfully and deliberately failed to provide the requested records. In April 2003, the trial court entered sanction orders requiring Kinney to reimburse the Appellees’ trial attorneys for all fees and costs incurred during their attempts to obtain the records. The orders directed Kinney to make payment within ninety days and stated that if Kinney failed to timely make payment, his claims would be subject to dismissal upon further motion by the Ap-pellees. After Kinney failed to comply with the sanction orders, the Appellees filed their motions seeking dismissal of the lawsuit.
At a hearing on the motions to dismiss, Kinney’s counsel acknowledged several facts: (1) the sanctions had not been paid; (2) Kinney had timely appealed the sanction orders to this court; (3) this court had entered an order treating the appeal as one seeking certiorari review and directing Kinney to file a proper petition within a specified time period; and (4) Kinney’s petition had not been filed as of the time of the hearing on the motions to dismiss. Other than the filing with this court, counsel did not suggest any other reason for Kinney’s failure to pay the sanction amounts. Following the hearing, the trial court entered its final order of dismissal with prejudice, noting that the sanctions had not been paid and no “sufficient justification” had been presented for Kinney’s failure to comply with the sanction orders.
Recently, this court reiterated that when a trial court dismisses a complaint with prejudice as a sanction, “the trial court must make an explicit finding of willful noncompliance or deliberate disregard” of *402 the court’s prior order. Matthews v. Chaffee, 849 So.2d 483, 485 (Fla. 2d DCA 2003); see also Samuels v. King Motor Co. of Ft. Lauderdale, 782 So.2d 489, 500 (Fla. 4th DCA 2001). We are mindful that the Florida Supreme Court has stated that “no ‘magic words’ are required but rather only a finding that the conduct upon which the order is based was equivalent to willfulness or deliberate disregard.” Commonwealth Fed. Sav. & Loan Ass’n v. Tubero, 569 So.2d 1271, 1273 (Fla.1990).
Although the dismissal order states that Kinney provided “no sufficient justification” for not having paid the sanctions, that language is similar to the wording that was found to be insufficient in Matthews. There, the trial court noted that the plaintiff “failed to present sufficient evidence to justify” the delay in complying with an earlier court order. Matthews, 849 So.2d at 484. As we did in Matthews, we conclude that the trial court did not make the necessary finding in support of the dismissal order.
Accordingly, we reverse and remand for the trial court to reconsider the motion to dismiss and, if appropriate, to make an explicit determination of whether Kinney willfully failed to comply with the April 2003 sanction orders. We affirm without comment the other issues that Kinney raised in this appeal.
Affirmed in part, reversed in part, and remanded.
NORTHCUTT and STRINGER, JJ., Concur.

. This is the second appearance of this case before this court. See Kinney v. R.H. Halt Assocs., Inc., 826 So.2d 328 (Fla. 2d DCA 2002).