CASANUEVA, Judge.
Dr. Michael J. Kinney sued for personal injuries after he slipped and fell at a building being renovated by the appellee defendants. A discovery dispute arose regarding Dr. Kinney’s failure to provide the *921 defendants with records related to his claim for lost income. Finding that Dr. Kinney willfully and deliberately failed to provide the requested records, the trial court entered sanction orders requiring Dr. Kinney to reimburse the defendants for their attorneys’ fees and costs spent litigating the issue. The orders warned Dr. Kinney that if he did not pay the defendants within ninety days, his action would be subject to dismissal upon the defendants’ further motion. Dr. Kinney did not pay; the defendants’ moved to dismiss; and the court entered a final judgment of dismissal with prejudice.
Dr. Kinney appealed the dismissal with prejudice to this court. In Kinney v. R.H. Halt & Assocs., Inc., 884 So.2d 400, 402 (Fla. 2d DCA 2004), we reversed and remanded for the trial court “to reconsider the motion to dismiss and, if appropriate, to make an explicit determination of whether Kinney willfully failed to comply with the April 2003 sanction orders.” After a hearing on remand, the trial court once again dismissed Dr. Kinney’s action with prejudice on the basis that his failure to comply with the sanction orders reflected “a continuing pattern of willful and deliberate non-compliance” with court orders. Because the court abused its discretion in dismissing the case with prejudice, we reverse.
Although Dr. Kinney has delayed the discovery process in this case, at the time the judgment was entered, he had produced the fifty-four boxes of documents that were the subject of the discovery dispute. Furthermore, this court’s record reflects that he also paid each defendant for its attorneys’ fees and costs, with interest, for the litigation of that dispute. Thus, prior to the dismissal with prejudice, Dr. Kinney had performed as ordered, albeit tardily.
Article I, section 21, of the Florida Constitution provides the citizens of this state with the right of access to the courts: “The courts shall be open to every person for redress of any injury....” A dismissal with prejudice for failure to comply with court orders consequently infringes upon this basic right in all but the most extreme and egregious circumstances. See Commonwealth Fed. Sav. & Loan Ass’n v. Tubero, 569 So.2d 1271, 1272 (Fla.1990); Matthews v. Chaffee, 849 So.2d 483, 484-85 (Fla. 2d DCA 2003). For this reason, explicit findings of willful or flagrant disregard are absolutely essential. Matthews, 849 So.2d at 485. Here, the trial court found that Dr. Kinney had willfully disregarded orders, but those findings were not supported by specific facts as they existed at the time the dismissal was entered. In fact, the order of dismissal does not recite with particularity the conduct upon which the court relied in making its finding of willfulness. Although the plaintiffs tardy compliance might have been willful, the record does not explore the extent to which Dr. Kinney had the ability to pay the sanctions before he did so. The fact remains that, ultimately, the plaintiff did comply.
Furthermore, “[t]his court has refused to approve of the dismissal of a cause of action as a sanction for discovery violations when the appellee had not shown prejudice.” Owens v. Howard, 662 So.2d 1325, 1327 (Fla. 2d DCA 1995). Here, the record is devoid of any evidence of prejudice to the defendants, particularly given the fact that the documents had been produced and attorneys’ fees paid at the time of the dismissal.
For these reasons, we hold that the trial court abused its discretion in dismissing Dr. Kinney’s lawsuit with prejudice, and *922 we reverse and remand for further proceedings.
SALCINES, J., Concurs.
ALTENBERND, J., Concurs with opinion.