[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-13916
Non-Argument Calendar
_____

D.C. Docket No. 0:17-cv-62583-JIC

ROLANDO REYES,
CARIDAD REYES,

Plaintiffs - Appellants,

versus

BJ'S RESTAURANTS, INC.,
a Foreign Corporation,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____
(May 16, 2019)

Before WILLIAM PRYOR, GRANT, and DUBINA, Circuit Judges.

PER CURIAM:

In this personal injury case, Plaintiffs/Appellants, Rolando Reyes and Caridad Reyes (referred to collectively as "the Plaintiffs"), appeal the district court's orders denying their motion to amend and remand and their motion to modify the scheduling order and extend the fact discovery deadline. They also appeal the district court's grant of summary judgment to Defendant BJ's Restaurant. After reviewing the record and reading the parties' briefs, we affirm the district court's orders and its grant of summary judgment.

## I. BACKGROUND

On October 11, 2015, while patronizing a BJ's Restaurant in Pembroke Pines, Florida, both Plaintiffs fell near the entrance to the restroom. At the time of the incident, Rolando was 84 years old and Caridad was 77 years old. Rolando stated that he left the restroom and slipped and fell prior to reaching some steps at the front of the restaurant. About eight minutes after Rolando slipped and fell, Caridad slipped and fell prior to reaching the same steps. In their depositions, both Plaintiffs stated that they did not know the cause of his or her fall and that they have no evidence of the Defendant's knowledge of any alleged slippery condition on the floor and no evidence that the floor was inherently slippery. (Def.'s Ex. 49-1; 49-2.)

2

In January 2017, Plaintiffs sued BJ's in state court and later filed an amended complaint alleging two counts of negligence for each Plaintiff's fall. After Plaintiffs admitted in responses to requests for admissions that they were seeking in excess of $75,000 each, BJ's removed the case to federal court. The next month, the district court entered a Scheduling Order, and one week later, Plaintiffs' counsel moved to withdraw. The district court granted the motion to withdraw and stayed the case until March 19, 2018, extended initial disclosures to March 26, 2018, and extended the date to amend pleadings or join parties to April 16, 2018.

On March 26, Plaintiffs' new counsel entered an appearance. On that same day, Plaintiffs requested another extension of the initial disclosure date and moved to amend the complaint to add a non-diverse defendant and to remand the case to state court. The district court denied the motion, finding that the Plaintiffs did not attach the proposed second amended complaint or set forth the grounds with particularity as required. The district court granted an extension to April 17 for Plaintiffs' initial disclosures. Plaintiffs filed another motion to amend on April 23, attaching a proposed complaint that included a second new non-diverse defendant and numerous new theories for relief.

3

The district court determined that the equities weigh in favor of denying the Plaintiffs' motion for leave to amend. The district court, however, did grant the Plaintiffs' motion to amend the discovery deadlines and extended fact discovery to June 14, 2018. Unable to meet the June 14 deadline, Plaintiffs again moved for an extension of time, but the district court denied that motion. After the close of all discovery, BJ's moved for summary judgment, submitting its Statement of Undisputed Facts and its Memorandum of Law. BJ's also filed closed circuit television footage that showed, in the five minutes before Rolando fell, 16 people traverse the steps without incident. The footage also showed that in the time between Rolando and Caridad's falls, 28 people used the steps, all without incident.

Two weeks after BJ's moved for summary judgment, Plaintiffs filed a supplemental initial disclosure listing for the first time David M. Gill as an expert witness. Plaintiffs had previously disclosed him as a lay witness. Plaintiffs filed Gill's affidavit, and BJ's moved to strike the affidavit as untimely. Plaintiffs subsequently filed a response to BJ's motion for summary judgment. The district court granted BJ's motion to strike Gill's affidavit and its motion for summary judgment. Plaintiffs then lodged this appeal.

## II. ISSUES

4

1. Whether the district court abused its discretion in denying the Plaintiffs' motion to amend and remand.

2. Whether the district court erred in granting summary judgment to BJ's.

3. Whether the district court abused its discretion in denying Plaintiffs' motions to modify the scheduling order and to extend for a second time the fact discovery deadline.

## III. DISCUSSION

1. *Motion to Amend and Remand*

The Plaintiffs argue that in denying their motion to amend to join non-diverse defendants after removal, the district court improperly weighed all the applicable factors set forth in *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987). We review for abuse of discretion a district court's order denying a plaintiff's motion to join a defendant whose joinder would destroy diversity and deprive the court of subject matter jurisdiction. *See* 28 U.S.C. § 1447(e); *Ingram v. CSX Transp., Inc.*, 146 F.3d 858, 862 (11th Cir. 1998). "A district court abuses its discretion when its factual findings are clearly erroneous, when it follows improper procedures, when it applies the incorrect legal standard, or when it applies the law in an unreasonable or incorrect manner." *Wreal, LLC v. Amazon.com, Inc.*, 840 F.3d 1244, 1247 (11th Cir. 2016).

5

The district court did not abuse its discretion in denying Plaintiffs' motion to amend. Although in most cases a plaintiff is liberally allowed to join a new defendant, in an instance where the amended pleading would name a new non-diverse defendant in a removed case, the district court should more closely scrutinize the pleading and be hesitant to allow the new non-diverse defendant to join. *See Hensgens*, 833 F.2d at 1182. In so scrutinizing the pleading, the district court should use its discretion in deciding whether to allow that party to be added by balancing "the defendant's interests in maintaining the federal forum with the competing interests of not having parallel lawsuits." *Id.* The equitable balance is guided by four factors: (1) the plaintiff's motive for seeking joinder; (2) the timeliness of the request to amend; (3) whether the plaintiff will be significantly injured if amendment is not allowed; and (4) any other relevant equitable considerations. *See Schur v. L.A. Weight Loss Centers*, 577 F.3d 752, 759 (7th Cir. 2009) (adopting the *Hensgens* balancing test).

Here, the district court found that the Plaintiffs' motive, based on the timing and substance of the proposed amendment, was to defeat diversity. Immediately after entering her appearance, Plaintiffs' new counsel filed the initial motion seeking amendment and removal to state court. The district court found that Plaintiffs knew about one of the new parties before the case was removed based on

6

BJ's responses during discovery in state court. The district court further found that the Plaintiffs are not significantly injured by denying the amendment because there is no reason that Plaintiffs could not obtain complete relief against BJ's without the other two defendants. The Plaintiffs do not provide any convincing justification why the two non-diverse parties are essential to their action. The district court properly balanced the applicable factors, and Plaintiffs cannot demonstrate how the district court abused its discretion in doing so. Thus, we affirm the district court's order denying leave to amend to join non-diverse defendants after removal and denying the Plaintiffs' motion to remand.

2. *Motion for Summary Judgment*

Initially, the Plaintiffs proffer that the district court's order striking David Gill's affidavit was improper even though they admit that they belatedly disclosed Gill as an expert witness. The district court found that their late disclosure was not substantially justified nor harmless because BJ's had no opportunity to depose Gill, proffer a rebuttal expert, or file a *Daubert*[1] motion. On appeal, the Plaintiffs fail to advance sufficiently an argument explaining how the district court abused its discretion in this regard. As such, we affirm the district court's order.

---

[1] *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 596, 113 S. Ct. 2786, 2798 (1993).

7

As to the summary judgment order, the Plaintiffs contend that the district court erred because genuine issues of material fact exists that preclude the grant of summary judgment. However, the Plaintiffs do not point to specific genuine issues of material fact. Rather, they take issue with the district court's pre-trial rulings, cite inapplicable case law, and assert an argument pursuant to the Americans with Disabilities Act for the first time.

As the district court correctly noted, a negligence claim under Florida law consists of four elements: (1) a duty requiring the defendant to conform to a certain standard of conduct; (2) a breach by the defendant of that duty: (3) a causal connection between the breach and injury to the plaintiff; and (4) loss or damage to the plaintiff. *See Clay Elec. Coop., Inc. v. Johnson*, 873 So. 2d 1182, 1185 (Fla. 2003). In Florida, a plaintiff in a slip-and-fall case must show that the business "had actual or constructive knowledge of a dangerous condition created by a transient foreign substance that caused [the plaintiff] to slip and fall." *Publix Super Markets, Inc. v. Bellaiche*, 245 So. 3d 873, 876 (Fla. Dist. Ct. App. 2018). The term "transitory foreign substance" generally refers "to any liquid or solid substance, item or object located where it does not belong." *Owens v. Publix Supermarkets, Inc.*, 802 So. 2d 315, 317 n.1 (Fla. 2001).

8

The evidence demonstrates that the Plaintiffs failed to satisfy the elements for their cause of action.  There is nothing in the record indicating a transitory foreign substance was on the floor at BJ's restaurant.  Both Plaintiffs admitted in their depositions that they did not see anything on the floor before or after they fell and that they do not know what caused them to fall.  Moreover, Plaintiffs do not present any evidence to show that BJ's knew that there was such a substance on the floor when they slipped and fell.  There is nothing in the record to suggest that a slippery condition existed or was foreseeable.  As such, the Plaintiffs cannot satisfy the first element of the cause of action.

Even assuming *arguendo* that Plaintiffs could satisfy the duty element of their cause of action, they fail to submit any evidence of a causal connection between their injuries and BJ's breach of a duty owed to them.  "Negligence . . . may not be inferred from the mere happening of an accident alone."  *Winn Dixie Stores, Inc. v. White*, 675 So. 2d 702, 703 (Fla. Dist. Ct. App. 1996).  Thus, without more evidence than the accident alone, "it is clear that [Plaintiffs'] case is grounded in no more than a guess or speculation, not founded on observable facts or reasonable inferences drawn from the record."  *Williams v. Sears, Roebuck & Co.*, 866 So. 2d 122, 124 (Fla. Dist. Ct. App. 2004).  The district court properly determined that Plaintiffs could not demonstrate a prima facie case of negligence

9

and granted summary judgment for BJ's.  Accordingly, we affirm the district court's grant of summary judgment.

### 3. *Motion to modify scheduling order to extend fact discovery deadline*

The Plaintiffs contend that the district court improperly denied their motion to modify the scheduling order to extend the discovery deadline.  We will not reverse in the absence of an abuse of discretion.  *See Young v. City of Palm Bay, Fla.*, 358 F.3d 859, 863–64 (11th Cir. 2004) (motion to extend deadlines); *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1307 (11th Cir. 2011) (noting that "a district court's decision to hold litigants to the clear terms of its scheduling orders is not an abuse of discretion").

The Plaintiffs sought and obtained numerous delays throughout the proceedings in the district court.  The district court had extended discovery once before, among other extensions.  In all, the Plaintiffs had over one year to complete discovery in this straightforward slip and fall case.  Because Plaintiffs fail to proffer a justifiable argument how the district court abused its discretion in this regard, we will not disturb its ruling.

## IV. CONCLUSION

Plaintiffs fail to demonstrate how the district court abused its discretion with respect to their motion for leave to amend and remand and their motion to modify

10

the scheduling order to extend discovery.  The Plaintiffs also fail to show any error in the district court's order granting summary judgment for BJ's.  Accordingly, we affirm the district court's orders and its grant of summary judgment.

AFFIRMED.