661 So.2d 1299 (1995)
Christopher C. COLE, Appellant,
v.
BAYLEY PRODUCTS, INC., a Michigan corporation, qualified to do business in the State of Florida, d/b/a Sailfish Marina, Appellee.
No. 95-0343.
District Court of Appeal of Florida, Fourth District.
Opinion filed November 1, 1995.
Marc B. Cohen of Grazi, Gianino & Cohen, P.A., Stuart, for appellant.
Jane L. Cornett of Wackeen, Cornett & Googe, P.A., Stuart, for appellee.
KLEIN, Judge.
The trial court, because of repeated discovery violations, struck defendant's affirmative defenses, as well as his counterclaim, and entered a default judgment on liability in favor of plaintiff. We reverse the default judgment on liability, because we conclude that this remedy is too harsh in light of the derelictions, which were all attributable to defendant's lawyer. We have no jurisdiction on this non-final appeal to review the order striking defendant's compulsory counterclaim. S.L.T. Warehouse v. Webb, 304 So.2d 97 (Fla. 1974); Cohen, Scherer & Cohen, P.A. v. Pac. Employers Ins. Co., 654 So.2d 282 (Fla. 4th DCA 1995).
In Kozel v. Ostendorf, 629 So.2d 817 (Fla. 1993), plaintiff's medical malpractice action had been dismissed with prejudice by the trial court after plaintiff had failed to file an amended complaint for over five months beyond the due date for the amended complaint. The second district affirmed, Kozel v. Ostendorf, 603 So.2d 602 (Fla. 2d DCA 1992), with Judge Altenbernd dissenting, and the supreme court reversed, stating:
This Court is vitally concerned with the swift administration of justice at both the trial and appellate levels. In the interest of an efficient judicial system and in the interest of clients, it is essential that attorneys adhere to filing deadlines and other procedural requirements. However, a fine, public reprimand, or contempt order may often be the appropriate sanction to impose on an attorney in those situations where the attorney, and not the client, is responsible for the error. To assist the trial court in determining whether dismissal with prejudice is warranted, we have adopted the following set of factors set *1300 forth in large part by Judge Altenbernd: 1) whether the attorney's disobedience was willful, deliberate, or contumacious, rather than an act of neglect or inexperience; 2) whether the attorney has been previously sanctioned; 3) whether the client was personally involved in the act of disobedience; 4) whether the delay prejudiced the opposing party through undue expense, loss of evidence or in some other fashion; 5) whether the attorney offered reasonable justification for noncompliance; and 6) whether the delay created significant problems of judicial administration. Upon consideration of these factors, if a sanction less severe than dismissal with prejudice appears to be a viable alternative, the trial court should employ such an alternative. (Footnote omitted).
Kozel, 629 So.2d at 818.
Our review of the record leads us to conclude that every one of the several incidents which led up to the sanction order was the fault of defendant's former lawyer, rather than defendant himself and, under Kozel, the default judgment was too severe. We therefore reverse the default judgment on liability and remand for further proceedings consistent with Kozel.
DELL and SHAHOOD, JJ., concur.