ROSMAN, JAY B., Associate Judge.
Mrs. Genevieve Earp challenges the trial court’s order and final judgment entered thereon striking her pleadings as a sanction for her counsel’s failure to file a pretrial witness list as ordered by the court. We conclude that the court’s sanction did not comply with the requirements set forth in Kozel v. Ostendorf, 629 So.2d 817 (Fla.1993), and, therefore, reverse and remand with instructions to the trial court to reinstate her pleadings.
The appellant seeks to recover damages she sustained in a motor vehicle accident as a result of the appellee Winters’s alleged negligence. Following routine discovery, the court set the matter for trial and continued the trial date by the parties’ stipulation. Based upon a September 18, 1995 trial date, the pretrial order set an optional pretrial conference for August 3, 1995. The parties were .not required to attend the pretrial conference if they filed a stipulated pretrial order three days prior to the optional pretrial conference. The parties did not file a stipulated pretrial order. The pretrial order required the parties to exchange witness lists sixty days prior to the optional pretrial conference date and supplemental witness lists no later than fifty days before the same date. Winters filed her witness list on December 5, 1994, and a supplement on July 26, 1995. State Farm filed its witness list on December 12,1994, and an amended witness list on July 13, 1995. At the pretrial conference, without motion or notice to the appellant, the trial court entered an order striking her pleadings as a sanction for her failure to file a witness list by the required date. The order concluded that the appellant’s failure to file her witness list “made it impossible for the defense counsel to conduct discovery before the trial and resulted in severe prejudice to the defendants in this ease.” Although the appellant’s counsel did not attend the pretrial conference, the order recited that counsel’s failure to attend was excused because of a trial conflict and inclement weather in Pensa *623 cola where counsel resides. Hurricane Erin struck Pensacola on August 3, 1995. On August 22, 1995, the appellant filed her witness list and filed a motion to set aside the order striking her pleadings. After a hearing, the trial court denied the appellant’s motion.
The trial court must evaluate the following factors to determine whether a dismissal with prejudice is warranted: 1) whether the attorney’s disobedience was willful, deliberate, or contumacious, rather than an act of neglect or inexperience; 2) whether the attorney has been previously sanctioned; 3) whether the client was personally involved in the act of disobedience; 4) whether the delay prejudiced the opposing party through undue expense, loss of evidence, or in some other fashion; 5) whether the attorney offered reasonable justification for noncompliance; and 6) whether the delay created significant problems of judicial administration. Kozel, 629 So.2d at 817.
We have evaluated these factors and determined that the trial court erred in its dismissal of the complaint. First, the attorney’s disobedience was neither willful nor deliberate. He and his legal secretary filed affidavits that included a detailed chronology of events and explained that, through mistake and inadvertence, their normal calendaring procedures were not handled in the usual manner. Second, the attorney had not been previously sanctioned. Third, the client was not involved in the act of disobedience. Fourth, we conclude that the delay did not prejudice the opposing party. The appellant listed no different witnesses than those that the appellees had listed. The appellees contend that Mrs. Winters’s health prevents her participation at the trial, but the record shows that her incapacity arose well before the scheduled trial date. The appellees also suggested that the delay might necessitate updated depositions and independent medical examinations. The appellant’s counsel has offered to reimburse the appellees for any such expenses. Such a sanction, if ordered, would be more appropriate than the dismissal. On the other hand, the statute of limitations has run on the appellant’s claim. Fifth, the appellant’s counsel offered a reasonable explanation for the oversight in timely filing the witness list. Further, the trial court excused his presence at the pretrial conference due to a trial conflict and the hurricane warning. Finally, there is no showing that the delay created a significant problem of judicial administration. After evaluating the six factors described in Kozel, “if a sanction less severe than dismissal with prejudice appears to be a viable alternative, the trial court should employ such an alternative.” 629 So.2d at 818. When the ultimate sanction of dismissal is imposed, the trial judge must make an express finding that the conduct of counsel “was equivalent to willfulness or deliberate disregard.” Commonwealth Federal Sav. & Loan Ass’n v. Tubero, 569 So.2d 1271 (Fla.1990). The trial court made no such finding here.
Because we hold that the trial court abused its discretion in striking the appellant’s pleadings and dismissing her complaint, we, therefore, reverse the order of dismissal and remand with instructions to the trial court to reinstate the appellant’s pleadings.
Reversed and remanded.
THREADGILL, C.J., and PARKER, J., concur.