703 So.2d 1095 (1997)
Phyllis WALICKI, individually, and as the personal representative of the Estate of Leo Walicki, Appellant,
v.
WASTE MANAGEMENT, INC.; Joseph Chappell; Hillsborough County Sheriff's Department; and Allstate Insurance Company, Appellees.
No. 96-03509.
District Court of Appeal of Florida, Second District.
October 24, 1997.
Rehearing Denied December 8, 1997.
*1096 David Solomon, Clearwater, for Appellant.
Joseph B. Donnelly and Eileen F. Granahan of Greene, Donnelly, Schermer, Tipton & Moseley, Tampa, for Appellee Waste Management.
Frank A. Miller of Stuart, Strickland, Caglianone & Miller, P.A., Tampa, for Appellee Allstate Insurance Company.
Bonita L. Kneeland of Fowler, White, Gillen, Boggs, Villareal & Banker, P.A., Tampa, for Appellee Hillsborough County Sheriff's Department.
QUINCE, Judge.
Phyllis Walicki, individually and as personal representative of the Estate of Leo Walicki, challenges a final order dismissing her complaint with prejudice. The original complaint in this action was filed on August 6, 1990. On September 26, 1995, the Hillsborough County Sheriff's Department (the sheriff) moved to dismiss appellant's sixth amended complaint alleging Walicki failed to annex relevant documents to the complaint, including the letters of administration.
The trial court denied the motion to dismiss pending filing of the letters of administration, and ordered that the letters be filed no later than September 23, 1995. The letters were ultimately filed on July 12, 1996, and the action was dismissed with prejudice on July 19, 1996.
Although the sheriff moved to dismiss the action on several grounds, the parties agree that the action was dismissed (at least in part) as a sanction for Attorney Solomon's failure to file letters of administration within the period specified by the court. The trial court's order does not state the basis for dismissal. We are aware that trial court orders need not state with particularity the grounds for dismissal with prejudice; however, in cases such as this, where a complaint is challenged on several grounds, the better practice is to apprise the parties and the reviewing court the reason for dismissal. May v. Holley, 59 So.2d 636 (Fla.1952); Kovach v. McLellan, 564 So.2d 274 (Fla. 5th DCA 1990); City of Gainesville Code of Enforcement Bd. v. Lewis, 536 So.2d 1148 (Fla. 1st DCA 1988). Moreover, if Attorney Solomon's conduct did in fact serve as the basis for dismissal, the trial court was obliged to make an affirmative finding that dismissal was warranted based on the following inquiry set forth by the supreme court in Kozel v. Ostendorf, 629 So.2d 817, 818 (Fla.1994):
1) whether the attorney's disobedience was willful, deliberate or contumacious;
2) whether the attorney has been previously sanctioned;
3) whether the client was personally involved in the act of disobedience;
4) whether the delay prejudiced the opposing party through undue expense, loss of evidence, or in some other fashion;
5) whether the attorney offered reasonable justification for noncompliance; and,
6) whether the delay created significant problems of judicial administration.
The record evidences seven years of dilatory conduct on the part of appellant's counsel; however, it does not show that appellant personally contributed to the delayed filing or the protracted course of this litigation. Appellant should not be made to suffer the loss of viable claims due to her attorney's malfeasance where there is no evidence in the record to indicate that she personally engaged in misconduct. Absent such evidence, it was an abuse of discretion to dismiss the complaint as a sanction based solely on Attorney Solomon's noncompliance. See Kozel, 629 So.2d at 818; Earp v. Winters, 693 So.2d 621 (Fla. 2d DCA 1997).
Accordingly, we reverse and remand the case for an evidentiary hearing to determine whether dismissal was warranted based on considerations outlined in Kozel.
NORTHCUTT, J., concurs.
SCHOONOVER, A.C.J., concurs in part and dissents in part with opinion.
*1097 SCHOONOVER, Acting Chief Judge, concurring in part and dissenting in part.
Based upon the record presented to us, I agree that the trial court abused its discretion in dismissing the appellant's action. I disagree, however, with that portion of the majority opinion which reverses and remands with instructions to hold another hearing. In the absence of a finding that any one of the parties was prohibited from presenting any evidence they wanted to submit at the first hearing, I see no reason to provide them another opportunity. I would reverse and remand with instructions to reinstate the action and allow the matter to proceed. See Earp v. Winters, 693 So.2d 621 (Fla. 2d DCA 1997).