711 So.2d 586 (1998)
Mary ELDER, individually, and Mary Elder, as parent and natural guardian of Ethan Elder, a minor, Appellant,
v.
Frank NORTON, M.D., individually and Frank Norton, M.D., P.A.; Carmella Farulla, M.D, individually; Carmella Farulla, as agent and servant of Vaicaitis, Schorr & Richards, M.D., P.A.; and Robert Heller, M.D., individually, Appellees.
No. 96-04749.
District Court of Appeal of Florida, Second District.
April 15, 1998.
Rehearing Denied May 19, 1998.
Donna S. Koch and Raymond T. Elligett, Jr. of Schropp, Buell & Elligett, P.A.; and *587 Kenneth W. Mastrilli of Personal Injury Law Center, P.A., Tampa, for Appellant.
Patricia J. Kelly of Harris, Barrett, Mann & Dew, St. Petersburg, for Appellee Frank Norton, M.D.
Susan W. Fox of Macfarlane, Ferguson & McMullen, Tampa, for Appellees Carmella Farulla, M.D. and Vaicaitis, Schorr & Richards, M.D., P.A.
QUINCE, Judge.
Mary Elder, individually and as parent and natural guardian of Ethan Elder, appeals an order dismissing her medical malpractice claim as a sanction for various discovery abuses. Indeed, the record establishes a four year history of noncompliant conduct on the part of Elder's counsel; nevertheless, because the record bears no evidence of misconduct on the part of Elder personally, we reverse.
The sanction of dismissal is all too drastic and severe when, as in this case, there is no evidence in the record to demonstrate that Elder has played an active role in abusing the discovery process. See e.g., Kozel v. Ostendorf, 629 So.2d 817, 818 (Fla.1993); Walicki v. Waste Management, 703 So.2d 1095 (Fla. 2d DCA 1997) (plaintiff should not be made to suffer loss of viable claim due to attorney's malfeasance). The trial attorney, rather than his or her client, must be the object of sanctions in cases such as this. Under these circumstances, trial courts have the discretion to levy monetary sanctions, including attorney's fees and costs arising from discovery abuses, or any other action consistent with the Rules Regulating The Florida Bar. See Martin v. Laidlaw Tree Service, 619 So.2d 435 (Fla. 2d DCA 1993). Such sanctions may be considered on remand in the present case.
The trial court abused its discretion in dismissing Elder's claim absent evidence indicating Elder assumed an active role in abusing the discovery process. We see no utility in punishing a faultless plaintiff when his or her attorney is solely responsible for the abusive conduct. Accordingly, we reverse.
PARKER, C.J., and BLUE, J., concur.