KLEIN, Judge.
The trial court dismissed plaintiffs’ complaint in an accident case because plaintiffs failed to respond to orders compelling discovery and requiring independent medical examinations. Plaintiffs subsequently moved to vacate that order on the ground that their counsel had failed to advise them about the court orders. We reverse the trial court’s order denying the motion to vacate.
When plaintiffs filed their lawsuit, they were represented by a law firm named Amir & Associates. After entry of the order dismissing plaintiffs’ claim, plaintiffs obtained new counsel, who filed a motion to vacate supported by an affidavit stating that plaintiffs had never received any information involving discovery or IME appointments from their counsel, Ofer M. Amir. Plaintiffs also filed an affidavit of Amir, stating that he had become ill, had closed his office, and knew nothing about any discovery or medical examinations involving the plaintiffs. The trial court denied the motion without a hearing.
Florida Rule of Civil Procedure 1.540(b) authorizes the court to reheve a party from a judgment or order for mistake or inadvertence, and has been applied in similar circumstances. Linthicum v. Berry, 532 So.2d 97 (Fla. 1st DCA 1988)(party was entitled to relief from judgment where attorney failed to appear at hearing or otherwise represent her and had not withdrawn as counsel). We reverse and remand for the trial court to conduct an evidentiary hearing in order to determine whether the omissions were caused by plaintiffs’ counsel, and if they were, to vacate the order of dismissal. Schlitt v. Currier, 763 So.2d 491 (Fla. 4th DCA 2000)(reversing sanctions imposed against clients when the fault was with their lawyer).
GUNTHER and TAYLOR, JJ., concur.