879 So.2d 13 (2004)
Kristie JIMENEZ, Appellant,
v.
Iris Evette SIMON, Harry Scott, Lynda Smith, Eddie Smith, and Hannah Lewis, Appellees.
No. 2D02-5835.
District Court of Appeal of Florida, Second District.
April 30, 2004.
Alan M. Medof, North Miami Beach, for Appellant.
Sidney M. Crawford of Sidney M. Crawford, P.A., Lakeland, for Appellee Iris Everett Simon.
Charles E. McKeon and Lorieann M. Haas of Law Offices of Charles E. McKeon, P.A., Tampa, for Appellees Lynda Smith and Eddie Smith.
No Appearance for Appellee Harry Scott.
CANADY, Judge.
Kristie Jimenez, the plaintiff in a personal injury action, appeals the dismissal with prejudice of her suit. The trial court imposed the dismissal as a sanction for discovery violations. Because we conclude that the discovery violations were solely the result of the neglect of counsel for Jimenez, we reverse the dismissal of Jimenez's claims.

I. BACKGROUND
Jimenez filed an action against the appellees seeking damages for injuries allegedly *14 sustained as the result of an automobile accident. The dismissal of Jimenez's claims arose from motions for sanctions filed by appellee Iris Evette Simon and appellees Eddie and Lynda Smith. These motions were based on Jimenez's failure to attend a compulsory medical examination[1] scheduled for September 3, 2002. Jimenez's failure to attend the September 3 examination followed a series of other admitted discovery violations, including Jimenez's failure to attend a medical examination scheduled for August 14, 2002.
On August 27, 2002, the trial court had imposed a sanction in the amount of $350 for Jimenez's failure to attend the earlier scheduled examination. Jimenez's counsel was then given multiple reminders of the examination scheduled for September 3, but Jimenez nonetheless failed to attend. Prior to Jimenez's failure to attend the medical examinations scheduled for August 14 and September 3, Jimenez had for an extended period of time failed to comply with orders of the trial court granting motions to compel with respect to interrogatories and requests for production of documents. In addition, the trial court had imposed sanctions for Jimenez's failure to attend mediation as ordered by the court.
In their motions, the appellees relied primarily on Jimenez's failure to attend the September 3 examination; the appellees also cited the history of prior violations. The trial court's order granting the motion to dismiss was based primarily on Jimenez's failure to attend the September 3 examination but also recited the entire history of violations.
The record contains no evidence that Jimenez's failure to attend the medical examination scheduled for September 3 was the result of anything other than the failure of counsel for Jimenez to inform her of the scheduled examination. Similarly, there is nothing in the record showing that the earlier violations were attributable to anything other than the failures of Jimenez's counsel. In the trial court proceedings and on appeal, Alan M. Medof, counsel for Jimenez, has taken full responsibility for Jimenez's failure to attend the September 3 examination, as well as for the earlier violations. There is nothing in the record to rebut counsel's assumption of responsibility.

II. ISSUE ON APPEAL
Jimenez argues that her failure to attend the scheduled medical examinations as well as the other rule violations were wholly the fault of Jimenez's counsel and, therefore, were not a proper basis for the imposition of the most severe sanction of dismissal. The appellees contend that the record establishes a pattern of disregard for the discovery rules and court orders and that such conducteven if it is not attributable to the personal misconduct of Jimenezjustified the dismissal of Jimenez's claims. Thus, the question we must answer here is whether the sanction of dismissal for discovery violations is appropriate where those violations are solely the result of counsel's dereliction.

III. ANALYSIS
Florida Rule of Civil Procedure 1.420(b) provides, in pertinent part: "Any party may move for dismissal of an action or of any claim against that party for failure of an adverse party to comply with these rules or any order of court."[2] The *15 dismissal of an action pursuant to this provision is subject to review under the abuse of discretion standard. See Mercer v. Raine, 443 So.2d 944, 946 (Fla.1983) (holding, in case where trial court entered default judgment against defendant for failure to comply with discovery order, that abuse of discretion "test should apply to the discretionary power of the trial court to grant sanctions"); Carr v. Reese, 788 So.2d 1067, 1070 (Fla. 2d DCA 2001) ("We recognize that a trial court's decision imposing sanctions for discovery violations must be affirmed unless the trial court abused its discretion in imposing the sanction at issue.").
In Elder v. Norton, 711 So.2d 586, 587 (Fla. 2d DCA 1998), we held that it is not within the scope of a trial court's discretion to impose the sanction of dismissal on a defendant for discovery violations when the defendant bears no direct personal responsibility for those violations. In Elder, we reversed the trial court's order dismissing the plaintiff's medical malpractice action as a sanction for a series of discovery violations. Although there was an acknowledged "four[-]year history of noncompliant conduct on the part of [the plaintiff's] attorney[,]" we concluded that "[t]he trial court abused its discretion in dismissing [the plaintiff's] claim absent evidence indicating [the plaintiff] assumed an active role in abusing the discovery process." Id. We held that in cases where there is "no evidence of misconduct on the part of" the litigant "[t]he sanction of dismissal is all too drastic and severe" and that in such cases "[t]he trial attorney, rather than his or her client, must be the object of sanctions." Id.
We relied in Elder on Kozel v. Ostendorf, 629 So.2d 817, 818 (Fla.1993), where the supreme court adopted a "set of factors" for "determining whether dismissal with prejudice is warranted" for failure to comply with the rules of civil procedure.[3] Among the six factors enumerated in Kozel was "whether the client was personally involved in the act of disobedience." Id. In Kozel, dismissal was imposed for counsel's failure to file an amended complaint until more than five months after the due date. The court stated that "the [trial] court's decision to dismiss the case based solely on the attorney's neglect unduly punishes the litigant and espouses a policy that this court does not wish to promote." Id. It reversed the dismissal and remanded to the trial court for consideration under the newly adopted six-factor test. Our decision in Elder was based on the understanding that the factor in Kozel relating to the client's personal involvement in the failure to comply is effectively to be read as a requirement that the client must personally be involved in the failure to comply in order for the sanction of dismissal to be imposed. See also Schlitt v. Currier, 763 So.2d 491, 492-93 (Fla. 4th DCA 2000); Cole v. Bayley Prods., Inc., 661 So.2d 1299, 1300 (Fla. 4th DCA 1995).
Under Elder, the absence of a showing in the record that the client had some direct personal responsibility for the discovery violations requires that the dismissal of the client's claims be reversed. See also Rose v. Fiedler, 855 So.2d 122, 127 (Fla. 4th DCA 2003) ("[H]aving found no evidence of client knowledge or involvement in the attorney misconduct, we reverse the dismissal and remand so that the trial court may consider appropriate sanctions."); *16 King v. Macaleer, 774 So.2d 68, 69 (Fla. 2d DCA 2000) (reversing dismissal of complaint imposed for violation of discovery orders and relying on "principle that `[a party] should not be made to suffer the loss of viable claims due to [its] attorney's malfeasance where there is no evidence in the record to indicate that [the party] personally engaged in misconduct'" (quoting Walicki v. Waste Mgmt., Inc., 703 So.2d 1095, 1096 (Fla. 2d DCA 1997))); cf. Schlitt, 763 So.2d at 493 (reversing order striking pleadings for discovery violations and remanding for "an evidentiary hearing on the question of [the defendant's] notice or knowledge of his attorney's conduct and, if knowledge is found, for a finding as to whether the actions were willful and deliberate").

IV. CONCLUSION
Since there was "no evidence of misconduct on the part of" Jimenez, we conclude that the "sanction of dismissal is all too drastic and severe." Elder, 711 So.2d at 587. The dismissal of Jimenez's action therefore is reversed, and the trial court is directed to consider sanctions other than dismissal and to proceed with the consideration of Jimenez's claims.
Reversed and remanded for further proceedings.
VILLANTI, J., and SEXTON, SUSAN, Associate Judge, Concur.
NOTES
[1] See Fla. R. Civ. P. 1.360.
[2] We also note that rule 1.380(b)(2) provides that "[i]f a party ... fails to obey an order to provide or permit discovery, including an order made under ... rule 1.360, the court may make ... [a]n order ... dismissing the action." In the instant case, the trial court had not entered an order requiring that Jimenez attend the scheduled medical examination on September 3.
[3] The factors adopted by the supreme court were in large part derived from Judge Altenbernd's dissent in Kozel v. Ostendorf, 603 So.2d 602, 605 (Fla. 2d DCA 1992).