873 So.2d 519 (2004)
BANK ONE, N.A., as Trustee f/k/a First National Bank of Chicago, as Trustee, Appellant,
v.
James M. HARROD, Jr., Diane J. Harrod, John Doe and Jane Doe, as unknown tenant(s) in possession of the subject property, Appellees.
No. 4D03-2459.
District Court of Appeal of Florida, Fourth District.
May 19, 2004.
Robert Garven, Coral Springs, and Law Offices of Marshall C. Watson, P.A., Fort Lauderdale, for appellant.
Fredric C. Buresh, Fort Lauderdale, for appellees James M. Harrod, Jr. and Diane J. Harrod.
TAYLOR, J.
Appellant, Bank One, N.A., challenges the dismissal of its complaint with prejudice. The dismissal was based on the *520 bank's failure to comply with a court order compelling discovery. We reverse.
Appellant filed a mortgage foreclosure complaint on November 15, 2001, seeking to enforce a promissory note in the amount of $220,000. On December 21, 2001, appellees, James M. Harrod, Jr. and Diane J. Harrod, answered and counterclaimed under the Real Estate Settlement Procedure Act (RESPA), 12 U.S.C. § 2605(f). At the same time, appellees filed and served a request to produce bank documents. On March 8, 2002, the trial court entered an order compelling appellant to produce the requested documents within ten days.
One year passed, and then on March 20, 2003, the trial court sua sponte issued a "Motion, Notice and Hearing of Dismissal." The order directed that the parties show good cause in writing by April 4, 2003 why the case should not be dismissed for lack of prosecution. It further set a hearing date of April 9, 2003, and provided that failure to make a timely showing of good cause would result in dismissal for lack of prosecution.
Even though the show cause order was directed at appellant, the appellees filed a response, "Defendant's Showing of Good Cause," on April 2, 2003. In their response, appellees asked the court to dismiss appellant's case with prejudice, because, in addition to there being no record activity for over a year, the bank had ignored the court's earlier order compelling discovery. Appellant failed to attend the April 9, 2003 hearing and to file any response until April 14, 2003. According to a later filed affidavit of appellant's legal assistant, appellant did not receive the court's show cause order.
On April 10, 2003, the trial court entered a final judgment of dismissal with prejudice. Although the judgment noted that there had been no activity of record for over a year, the court based the dismissal with prejudice on appellant's failure to comply with the order compelling discovery entered on March 8, 2002. The court summarily found that the failure to comply with the order was "willful and deliberate."
Appellant's counsel moved for rehearing, explaining that he failed to attend the hearing because he did not receive notice. His successor counsel later supplemented the motion with an affidavit of the law firm's legal assistant, detailing the circumstances of the non-attendance at the April 9 hearing. The trial court denied the motion for rehearing. This appeal followed.
Dismissal of a complaint for non-compliance with a court order is subject to an abuse of discretion standard of review. See Fla. Nat'l Org. for Women, Inc. v. State, 832 So.2d 911, 915 (Fla. 1st DCA 2002).
In Kozel v. Ostendorf, 629 So.2d 817, 818 (Fla.1993), the Florida Supreme Court set forth six factors which must be considered by a trial court before dismissing a complaint with prejudice for non-compliance with a court order:
1) whether the attorney's disobedience was willful, deliberate, or contumacious, rather than an act of neglect or inexperience; 2) whether the attorney has been previously sanctioned; 3) whether the client was personally involved in the act of disobedience; 4) whether the delay prejudiced the opposing party through undue expense, loss of evidence, or in some other fashion; 5) whether the attorney offered reasonable justification for noncompliance; and 6) whether the delay created significant problems of judicial administration. Upon consideration of these factors, if a sanction less severe than dismissal with prejudice appear to be a viable alternative, the trial court should employ such an alternative.
*521 Where, as here, there is no indication that the trial court considered these factors, because it failed to make the "required findings" in its order, reversal has been required. See Fla. Nat'l Org. for Women, 832 So.2d at 914; see also Carr v. Reese, 788 So.2d 1067, 1072 (Fla. 2d DCA 2001) (holding that trial court's failure to consider all of the factors as shown by final order requires reversal). Even though this lack of findings is alone a sufficient ground for reversal, we consider the six Kozel factors as applied to the record in this case.
With respect to the first factor, the trial court did make a finding of willfulness. However, there is nothing in the record to support this finding; the facts are equally consistent with mere neglect. See Townsend v. Feinberg, 659 So.2d 1218, 1219 (Fla. 4th DCA 1995) (explaining that the mere inclusion of "magic words" in the order of dismissal would not have cured the failure to make requisite findings of willful or contumacious noncompliance with a court order, as nothing in record indicated willfulness).
With respect to the second factor, it is apparent from the record that the attorney for appellant had not been previously sanctioned.
The third factor, that the client is at least partially at fault, has been interpreted by our court as a "super factor" which must be present in every case before a dismissal with prejudice can occur. See Rose v. Fiedler, 855 So.2d 122, 128 (Fla. 4th DCA 2003) (Warner, J., concurring specially); see also Schlitt v. Currier, 763 So.2d 491 (Fla. 4th DCA 2000). Here, there is no suggestion in the record that appellant (as opposed to its counsel) was at fault. The absence of this factor is then a second independent ground for reversal. See Rose, 855 So.2d at 127; see also Carr, 788 So.2d at 1071; Walicki v. Waste Mgmt., Inc., 703 So.2d 1095, 1096 (Fla. 2d DCA 1997) (seven years of dilatory conduct on part of counsel insufficient where no showing that client personally contributed to delayed filings or protracted course of litigation).
As to the fourth factor, there is no indication in the record that appellees suffered any undue prejudice from the delay in the document production, certainly none that would justify such a severe sanction. See Town of Manalapan v. Fla. Power & Light Co., 815 So.2d 670, 672 (Fla. 4th DCA 2002); see also Carr, 788 So.2d at 1071 (trial court had no evidence of undue expense or loss of evidence before it from which to conclude that prejudice existed).
The fifth factor, whether there is a reasonable justification for the attorney's misconduct, is difficult to evaluate here, inasmuch as appellant's attorney did not present any evidence at the show cause hearing, due to his alleged failure to receive notice and an opportunity to be heard before the dismissal.
With respect to the sixth factor, the record does not indicate that the delay in document production caused significant problems of judicial administration. In any event, there does not appear to have been problems which warranted the severe sanction of dismissal. See Town of Manalapan, 815 So.2d at 672.
Finally, the court was required to consider whether, in light of these six factors, a lesser sanction might have been sufficient. Again, the order is deficient in failing to consider this question. See Russell v. A.G. Edwards & Sons, Inc., 779 So.2d 452, 456 (Fla. 2d DCA 2000).
We observe that dismissal of this case cannot be upheld on the alternative ground of the one year delay in prosecution, since failure to prosecute permits only a dismissal without prejudice. See *522 Cummings v. Dawson, 444 So.2d 565 (Fla. 1st DCA 1984).
Accordingly, we reverse the final judgment dismissing appellant's case with prejudice and remand for further proceedings. On remand, the trial court may consider the imposition of other, lesser sanctions.
REVERSED and REMANDED.
KLEIN, J., concurs.
STONE, J., concurs specially with opinion.
STONE, J., concurring specially.
Although I concur in the opinion, I would not interpret Schlitt, as we did in Rose, to compel this result. The "super" factor of lack of a client's knowledge need not preclude a dismissal, or striking of pleadings, where there is support for a trial court's conclusion of client awareness; rather, where there are extensive discovery violations that appear willful, a trial court should not have to assume client innocence. In my judgment, where a client's knowledge is disputed, a hearing should be conducted in order to resolve this as a fact issue. See Schlitt, 763 So.2d at 493.