MAY, J.
The bank appeals a trial court order striking its pleadings and dismissing its foreclosure complaint with prejudice, as well as a subsequent order denying its motion to reinstate the pleadings and for rehearing. The bank argues that the court erred in dismissing its complaint for discovery violations. We agree and reverse.
The homeowners defaulted on their loan, resulting in the bank initiating foreclosure proceedings. The homeowners filed several discovery requests, and subsequently requested sanctions and moved to strike the bank’s pleadings, pursuant to Florida Rule of Civil Procedure 1.380. They alleged that the bank had steadfastly refused to comply with multiple court orders concerning their discovery requests, and as a “sophisticated lender represented by experienced counsel,” its “acts of disobedience [were] willful, deliberate and contumacious and not from an act of neglect or inexperience.” The homeowners asserted that their ability to defend their case had *478 been prejudiced by the bank’s non-compliance.
The bank responded that the motion was not filed in good faith, and that the homeowners had strategically served multiple discovery requests to unnecessarily delay the foreclosure action. According to the bank, its counsel had fully cooperated with the homeowners on many occasions, but the homeowners’ counsel had not done the same. The bank further argued that dismissal with prejudice was appropriate only after consideration of the factors outlined in Kozel v. Ostendorf, 629 So.2d 817 (Fla.1993).
The trial court deferred ruling after a hearing on the motion, and ordered another special hearing. After the second hearing, the trial court found that the bank had failed to comply with its discovery orders, and based on Kozel, dismissal was appropriate. Specifically, the court found the bank:
(a) is a sophisticated lender represented by experienced counsel, as such, [the bank’s] acts of disobedience are willful, deliberate and contumacious and not from an act of neglect or inexperience,
(b) ... actively participated in the failure to comply with this [c]ourt’s [o]r-der by failing to comply with [the homeowners’] discovery request,
(c) has not offered reasonable justification for its failure to comply with this [e]ourt’s [o]rders,
(d) ... has prejudice^] the [homeowners’] ability to defend this case.
The court reserved jurisdiction to award attorney’s fees and costs.
The bank moved to reinstate its pleadings and for rehearing. It also moved for clarification as to whether the dismissal was with prejudice. The trial court denied the motions and did not clarify whether the dismissal was -with prejudice. From these orders, the bank now appeals.
We review dismissals for failing to comply with discovery orders for an abuse of discretion. Commonwealth Fed. Sav. & Loan Ass’n v. Tubero, 569 So.2d 1271,1273 (Fla.1990).
To promote the “orderly movement of litigation,” Florida Rule of Civil Procedure 1.380 authorizes sanctions for a party’s failure to comply with discovery orders. Mercer v. Raine, 443 So.2d 944, 946 (Fla.1983). The “imposition of the ultimate sanction of dismissal” is warranted in cases “involving a protracted history of discovery abuses, numerous motions to compel, prior sanctions by the trial court, and patent prejudice to the opposing party.” Ham v. Dunmire, 891 So.2d 492, 499 (Fla.2004).
The six factors for determining whether a dismissal is warranted are:
1) whether the attorney’s disobedience was willful, deliberate, or contumacious, rather than an act of neglect or inexperience; 2) whether the attorney has been previously sanctioned; 3) whether the client was personally involved in the act of disobedience; 4) whether the delay prejudiced the opposing party through undue expense, loss of evidence, or in some other fashion; 5) whether the attorney offered reasonable justification for noncompliance; and 6) whether the delay created significant problems of judicial administration.
Kozel, 629 So.2d at 818. We have “consistently required the record to show an express consideration of the Kozel factors.” Heritage Circle Condo. Ass’n v. State, Fla. Dep’t of Bus. & Prof'l Regulation, Div. of Condos., Timeshares & Mobile Homes, 121 So.3d 1141, 1144 (Fla. 4th DCA 2013). Even if a sanction is justified, the court must fashion a sanction that is proportion *479 al to the infractions committed. See Ham, 891 So.2d at 498.
When a trial court dismisses a complaint with prejudice, it must first consider whether a less-severe sanction is appropriate. Bank One, N.A. v. Harrod, 873 So.2d 519, 520 (Fla. 4th DCA 2004) (quoting Kozel, 629 So.2d at 818). In Harrod, we reversed an order of dismissal because the order failed to contain the required factual findings to indicate that the court had considered the Kozel factors, and the evidence did not establish that the bank, rather than counsel, had been at fault. Id. at 521.
We have reviewed the trial court’s order. While indicating that the court considered the six Kozel factors, the order lacked specific findings as to each. We do not condone the bank’s failure to comply with discovery and court orders; we feel the trial court’s frustration. But, as the bank argues, the homeowners made numerous confusing and cumulative discovery requests while failing to file a responsive pleading for two years. There was no evidence that the violations were caused by the bank itself. The homeowners suffered no prejudice, and the bank’s violations did not cause any significant problem with judicial administration.
The law does not always provide a good roadmap for trial courts. In this area of sanctioning non-compliant parties, however, our supreme court has done just that. See Kozel, 629 So.2d at 818. When the trial court fails to follow that roadmap, reversal is warranted. See Bank One, 873 So.2d at 521-22.

Reversed.

STEVENSON and GERBER, JJ., concur.