NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

H&R BLOCK BANK,                    )
                                   )
        Appellant,              )
                                   )
v.                                 )    Case No. 2D15-1351
                                   )            2D15-1624
DENISE H. PERRY,                   )
                                   )    <u>CONSOLIDATED</u>
        Appellee.               )
_____    )

Opinion filed September 9, 2016.

Appeal from the Circuit Court for Sarasota
County; Nancy K. Donnellan, Senior Judge.

Nancy M. Wallace of Akerman LLP,
Tallahassee; William P. Heller of Akerman
LLP, Fort Lauderdale; and Eric M. Levine
of Akerman LLP, West Palm Beach, for
Appellant.

April C. Charney, Venice; and Robin L.
Stover of Gulfcoast Legal Services, Inc.,
Sarasota, for Appellee.


SALARIO, Judge.

In these consolidated cases, H&R Block Bank appeals a final order

dismissing its action against Denise H. Perry for an alleged failure to attend mediation

and a related amended final judgment for attorney's fees and costs pursuant to section

57.105, Florida Statutes (2014).  The order and judgment both stem from H&R Block's untimely filing of a certification of settlement authority in connection with a court-ordered mediation governed by Florida Rule of Civil Procedure 1.720.  Because the trial court erred by imposing the sanction of dismissal for the technical rule violation involved here, we reverse both the order of dismissal and the judgment for fees and costs.

This is a residential foreclosure case framed by a verified amended complaint filed on behalf of H&R Block by Nationstar Mortgage, LLC, a mortgage servicer, acting as H&R Block's attorney-in-fact.  Several months after the filing of the operative complaint, H&R Block filed a form required by a local administrative order to be filed in residential foreclosure cases that stated, among other things, that a representative of Nationstar would attend any mediation on behalf of H&R Block with authority to settle the case.  Ten months after that, the trial court entered an order referring the case to mediation.  On the Friday before mediation, which was scheduled for the following Tuesday, H&R Block filed a certification of settlement authority under rule 1.720(e) stating (1) that its representative at mediation would be Rachel Hook of Nationstar, (2) that Ms. Hook would appear by telephone and would have full authority to settle the case, and (3) that H&R Block's counsel would attend the mediation in person and have full authority to sign any settlement agreement.

Rule 1.720(e) requires that each party to a court-ordered mediation file a certification identifying a person or persons who will attend the mediation conference with full authority to settle the case.  The rule requires that the certification be filed ten days prior to the mediation.  H&R Block's certification was seven days late.

Ms. Hook and Ms. Sinclair appeared at the mediation conference as represented in H&R Block's untimely rule 1.720(e) certification. Ms. Perry, however, questioned their authority to settle the case on behalf of H&R Block. Ms. Hook and Ms. Sinclair explained that Nationstar was acting on behalf of H&R Block pursuant to a power of attorney that had been attached to the verified amended complaint. According to the mediator's report, Ms. Perry rejected this explanation and "declined to begin the mediation conference and the negotiation process."

Instead, Ms. Perry filed a motion to dismiss pursuant to rule 1.420(b) based on H&R Block's alleged failure to comply with rule 1.720. She argued that H&R Block's late filing of the certification constituted a failure to appear at mediation under rule 1.720(f) and further questioned Ms. Hook's authority to settle the case on behalf of H&R Block at all.[1] She requested that the action be dismissed or, alternatively, that H&R Block be held in contempt. The motion was argued before a foreclosure magistrate the next day. H&R Block admitted that its certification was untimely but argued that under the power of attorney attached to its verified amended complaint, Nationstar had full authority to settle on its behalf.

The magistrate agreed with H&R Block and entered a recommended order denying Ms. Perry's motion. Ms. Perry filed written exceptions to the recommended order as provided by rule 1.490(i). In those exceptions, she asserted only that the

---

[1]Rule 1.720(f) authorizes the court to award sanctions when a party fails to appear at a scheduled mediation conference. For the purposes of determining whether sanctions are warranted, the rule provides that "[t]he failure to file a confirmation of authority under subdivision (e) above, or failure of the persons actually identified in the confirmation to appear at the mediation conference, shall create a rebuttable presumption of a failure to appear."

magistrate should have determined that H&R Block failed to appear at mediation because its certification of settlement authority was not timely filed.[2] The trial court held a hearing on the exceptions at which H&R Block failed to appear.

After the hearing, the trial court entered an order granting Ms. Perry's exceptions and the underlying motion to dismiss and purporting to dismiss the action. The order provided H&R Block with ten days in which to show cause why the action should not be dismissed. H&R Block filed a timely response to that order providing an affidavit stating that its failure to appear was the result of a calendaring error and arguing that dismissal was inappropriate on the merits.

Ms. Perry filed a memorandum in opposition to H&R Block's response, a motion for sanctions pursuant to section 57.105(1) alleging that H&R Block's response to the show cause order was made in bad faith, and a motion for attorney's fees and costs under section 57.105(7) based on a fee-shifting provision in the mortgage. The trial court granted both motions and set an evidentiary hearing as to amount. Two days before the hearing, H&R Block filed a motion for clarification requesting a ruling on whether it had shown cause why the case should not be dismissed. The trial court thereafter entered both an order dismissing the case based on a finding that H&R Block had failed to show cause why the action should not be dismissed and a final judgment, subsequently amended, that fixed the amount of fees and costs awarded.

---

[2]Ms. Perry's limitation of her exceptions to the timeliness of the certification was consistent with her argument to the foreclosure magistrate in which counsel stated that she did not want the court "to look past the untimeliness of the certification" to address the "underlying failure of authority."

We review for abuse of discretion a trial court's order dismissing an action under rule 1.420(b) as a sanction for noncompliance with the rules of civil procedure or a court order. Jimenez v. Simon, 879 So. 2d 13, 14-15 (Fla. 2d DCA 2004); see also Deutsche Bank Nat'l Trust Co. v. LGC, 107 So. 3d 486, 488 (Fla. 2d DCA 2013). H&R Block argues that dismissal was error in this case because (1) the untimely filing of the certification does not constitute a failure to attend mediation under rule 1.720(f), (2) dismissal is not authorized by rule 1.720 as a sanction for failure to appear at mediation, and (3) dismissal was too extreme a sanction. We find the third point dispositive and thus decline to address the first two.

Because a dismissal under rule 1.420(b) operates as an adjudication on the merits—except in limited circumstances not present here—the trial court's order is treated as a dismissal with prejudice. See Fla. R. Civ. P. 1.420(b); see also Schindler v. Bank of N.Y. Mellon Trust Co., 190 So. 3d 102, 104 (Fla. 4th DCA 2015) (holding that dismissal of foreclosure complaint for failure to comply with court orders under rule 1.420(b) was a dismissal with prejudice); Bank of N.Y. v. Williams, 979 So. 2d 347, 348 (Fla. 1st DCA 2008). A dismissal with prejudice is an extreme sanction, and a trial court has discretion to impose it only in extreme cases. Rohlwing v. Myakka River Real Props., Inc., 884 So. 2d 402, 406 (Fla. 2d DCA 2004) ("Because a dismissal with prejudice is the ultimate sanction in the civil justice system, it is reserved for the most aggravating circumstances."); Marr v. Dep't of Transp., 614 So. 2d 619, 620-21 (Fla. 2d DCA 1993) ("As this court has observed, dismissal with prejudice is the most severe of sanctions and should be reserved for the most egregious conduct."). Among other things, this sanction is reserved for circumstances in which the trial court makes findings

supported by the record that the conduct involved was willful, persistent, or otherwise aggravated and that no lesser sanction would be just under the circumstances.[3]  See Kinney v. R.H. Halt & Assocs., Inc., 927 So. 2d 920, 921 (Fla. 2d DCA 2006) (finding an abuse of discretion in the dismissal with prejudice because "explicit findings of willful or flagrant disregard are absolutely essential"); see also Watson v. First Fla. Leasing, Inc., 537 So. 2d 1370, 1371-72 (Fla. 1989) (finding no basis to support a dismissal where "[d]ismissal of an action is the most significant penalty possible and is not generally utilized in rule violations when less severe but just penalties exist").

The order of dismissal here did not make such findings, and it is clear that the trial court could not have made them on this record.  As framed by Ms. Perry's exceptions, the argument for dismissal rested solely on H&R Block's alleged failure to timely file a certification of authority, which she argued resulted in a failure to appear for mediation under rule 1.720(f).  The record does not disclose any facts—a protracted history of abuses, significantly prejudicial misconduct, or other extreme circumstances— that would be legally sufficient to support a finding that the untimely filing in this case was willful, persistent, or otherwise aggravated.  The trial court itself, in its order granting sanctions under section 57.105(1), described H&R Block's late filing of the certification of authority as a "technical" failure to appear for mediation.  The failure had

_____

[3]In determining whether dismissal with prejudice based on an attorney's failing is warranted, the court must consider (1) "whether the attorney's disobedience was willful, deliberate, or contumacious, rather than an act of neglect or inexperience;" (2) "whether the attorney has been previously sanctioned;" (3) "whether the client was personally involved in the act of disobedience;" (4) "whether the delay prejudiced the opposing party through undue expense, loss of evidence, or in some other fashion;" (5) "whether the attorney offered reasonable justification for noncompliance;" and (6) "whether the delay created significant problems of judicial administration."  Kozel v. Ostendorf, 629 So. 2d 817, 818 (Fla. 1993).

no substantive import because Nationstar's role on behalf of H&R Block in the case in general and the mediation in particular was disclosed to Ms. Perry many months before the mediation and the Nationstar representative actually appeared at the mediation conference prepared to negotiate. We have been unable to locate any case in which a trial court has imposed any sanction—let alone the sanction of dismissal—for the kind of failure involved here. The record in this case may establish some sloppy lawyering in the trial court, but it is not sufficient to support a finding of a willful, persistent, or aggravated violation of the civil rules.[4] See, e.g., Jimenez, 879 So. 2d at 13 (reversing order of dismissal where record established only neglect of counsel); see also Hastings v. Estate of Hastings, 960 So. 2d 798, 801 (Fla. 3d DCA 2007) (holding that dismissal with prejudice is inappropriate for violations resulting from negligence or inexperience).

Moreover, we note that there are sanctions short of dismissal with prejudice that would have been sufficient to address the technical failure to appear the trial court found in this case. Rule 1.720(f) authorizes a court to award sanctions that include attorney's fees and costs and mediator expenses resulting from a party's failure to appear. Violations of rule 1.720 have typically been addressed with that type of sanction. See, e.g., Aurora Bank v. Cimbler, 166 So. 3d 921, 926 (Fla. 3d DCA 2015) (finding that award of $1250 monetary sanction for mortgagor's failure to appear was warranted); Carbino v. Ward, 801 So. 2d 1028, 1031 (Fla. 5th DCA 2001) (finding, under a previous version of the rule, that party's failure to appear at mediation without good cause warranted the imposition of sanctions in the form of mediator costs and attorney's fees). This record suggests no reason why these sanctions would not have

---

[4]Counsel on appeal did not represent H&R Block in the trial court.

- 7 -

been appropriate to address the late filing of the certification in this case. Cf. Fugnole v. Crumbly Bros., Inc., 899 So. 2d 1262, 1263-64 (Fla. 2d DCA 2005) (reversing dismissal for failure to attend case management conference because, even though rule 1.200 authorizes it, the sanction awarded must be proportional to the offense involved).

Perhaps tellingly, Ms. Perry makes no attempt on appeal to defend the trial court's order of dismissal on its merits. She argues only that we lack jurisdiction to consider H&R Block's appeal of that order because the notice of appeal was not filed within thirty days of the trial court's order granting her exceptions and motion to dismiss, which she characterizes as a final order. See Fla. R. App. P. 9.030(b)(1)(A), 9.110(b). That argument is not well taken. The trial court's order granting Ms. Perry's exceptions and motion to dismiss explicitly contemplated additional judicial labor—the resolution of whether H&R Block could demonstrate cause why the case should not be dismissed— and was thus not a final order from which an appeal would lie. See Caufield v. Cantele, 837 So. 2d 371, 375 (Fla. 2002) ("A final judgment is one which ends the litigation between the parties and disposes of all issues involved such that no further action by the court will be necessary."); Rollins Fruit Co. v. Wilson, 923 So. 2d 516, 519 (Fla. 2d DCA 2005) ("A judgment is not final where further judicial labor is required or contemplated to end the litigation between the parties."). There was no final order of dismissal until the trial court resolved that issue and again ordered the action dismissed. This appeal was timely commenced within thirty days of rendition of that order. On the merits, which Ms. Perry does not address, we conclude that the order must be reversed.

Our reversal of the order of dismissal requires that we also reverse the order granting Ms. Perry's motion for sanctions under section 57.105(1) and motion for

attorney's fees and costs under section 57.105(7). Each of those statutes provides an entitlement to fees for a party that prevails on some aspect of the litigation. § 57.105 (stating in subsection (1) that "the court shall award a reasonable attorney's fee . . . to be paid to the prevailing party" and authorizing in subsection (7) an award of fees when a "party prevails in any action" to enforce a contract and the contract contains a provision authorizing an award of fees to the party seeking enforcement). In this case, Ms. Perry's status as a prevailing party under either statute flows from her having secured an order dismissing H&R Block's foreclosure action against her. See Williams, 979 So. 2d at 348 (holding that a party securing a dismissal pursuant to rule 1.420(b) is a prevailing party for purposes of section 57.105(7)). Because that order is to be reversed, she cannot yet be a prevailing party for purposes of these statutes.

For the foregoing reasons, we reverse the trial court's final order of dismissal and amended final judgment for attorney's fees and costs. The case is remanded to the trial court for further proceedings consistent with this opinion.

Reversed and remanded.


LaROSE and MORRIS, JJ., Concur.