HENDON, J.
Valentin Spataru appeals from a final order dismissing his second amended complaint with prejudice for failing to adhere to a prior court order prohibiting further pro se filings. We affirm.
In 2017, Spataru filed a pro se complaint against Florida Department of Transportation ("FDOT"), among others, seeking damages he allegedly sustained in a 2013 bicycle/car collision, asserting that FDOT
*249 should have placed signs to indicate two-way bike traffic on the pedestrian sidewalk that parallels US-1 in Key Largo. The trial court issued a sua sponte order to Spataru to show cause why his complaint should not be dismissed for failure to state a cause of action, and why he should not be barred from further filings unless represented by an attorney. Spataru did not respond, and instead filed a first amended complaint and moved to disqualify the trial court judge.
In October 2017, the trial judge denied the "motion" for disqualification and entered an order dismissing the case for failure to show cause, as well as barring Spataru from further pro se filings. Spataru appealed. This Court dismissed the appeal because it was taken from a non-final, non-appealable order. Spataru v. Fla. Dep't of Transp., 257 So. 3d 126 (Fla. 3d DCA 2018).
In August 2018, Spataru filed a second amended complaint. The trial court granted FDOT's motion to dismiss with prejudice. The court in its order found that Spataru continued to file meritless and vexatious suits[1] and, in defiance of the court's order, filed yet another pro se complaint.
Our standard of review of a trial court's order dismissing a complaint for noncompliance with a court order is abuse of discretion. Ham v. Dunmire, 891 So. 2d 492, 495 (Fla. 2004) ; Bank One, N.A. v. Harrod, 873 So. 2d 519, 520 (Fla. 4th DCA 2004) ("Dismissal of a complaint for non-compliance with a court order is subject to an abuse of discretion standard of review."). "If reasonable people could differ as to the propriety of the trial court's action, the action is not unreasonable." Dunmire, at 495. Although dismissing the case with prejudice is a severe sanction, it is justified where a party shows "deliberate and contumacious disregard of the court's authority" or "willful disregard or gross indifference to an order of the court." Mercer v. Raine, 443 So. 2d 944, 946 (Fla. 1983).
This Court finds that the trial court did not abuse its discretion by dismissing the case with prejudice. The trial court made two specific findings: 1) that Spataru failed to show cause why his initial complaint should not be dismissed for failure to state a cause of action, and 2) that Spataru willfully ("in defiance to this Court's prior orders") disregarded the order prohibiting him from further pro se filings without the signature of a licensed Florida attorney. Finding no abuse of discretion, we affirm.
Affirmed.

The record provides that Spataru has filed at least eight meritless complaints against various entities and persons in the past five years.